THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| **Manisela Prescott**<br><br>　　　　　　　Plaintiff,<br>v.<br><br>**Alpine Home Medical Supply, et al.**<br><br>　　　　　　　Defendants. | MEMORANDUM DECISION AND ORDER TEMPORARILY GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, and ORDERING PLAINTIFF TO FILE AN AMENDED COMPLAINT<br><br>Case No. 2:26-cv-34 DBP<br><br>Magistrate Judge Dustin B. Pead |

　　　　Before the court is pro se Plaintiff Manisela Prescott's Motion for Leave to Proceed in forma pauperis (IFP).[1] Because Plaintiff fails to provide a valid short and plain statement of the grounds for the court's jurisdiction, the court Temporarily Grants the IFP Motion and Orders Plaintiff to file an Amended Complaint on or before February 6, 2026.

## BACKGROUND

　　　　Pro se Plaintiff Manisela Prescott brings this matter alleging she purchased home medical supplies from Defendant Alpine and paid for them in full. However, Defendants repeatedly sent Plaintiff written and electronic communications asserting Plaintiff's account was delinquent and threatening a referral to a collection agency unless payment was made. Despite multiple phone calls by Plaintiff to take care of the issue, the problems persisted, and Caddis Capital

---

[1] ECF No. 2.

Management was involved in collection threat communications. Plaintiff seeks not less than $100,000 for each violation of Utah Code § 13-11-4 and statutory damages.[2]

Plaintiff alleges the court has "general jurisdiction over the parties and the subject matter pursuant to Utah Code Ann. §§ 78-1-101 et seq."[3] And venue "is proper in Utah County, Utah" because Alpine is a Utah corporation with its principal place of business in Draper, Utah.[4]

## DISCUSSION

28 U.S.C. § 1915 governs all cases where a plaintiff is proceeding *in forma pauperis*. Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5]

"A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought.[6] The Tenth Circuit has explained that compliance with Rule 8 requires that a pleading set forth the court's jurisdiction and identify "what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."[7] These requirements are designed to provide the opposing party with fair notice of the claims against it and allow the court to conclude that, if proven, the allegations

---

[2] Utah Code § 13-11-4 prohibits a "deceptive act or practice in connection with a consumer transaction". Plaintiff claims Defendant violated this section with false advertising of "special deals" and "limited-time offers".

[3] Complaint at 2.

[4] *Id*.

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[6] Fed. R. Civ. P. 8.

[7] *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

show that Plaintiff is entitled to relief.[8] "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[9] "Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."[10]  The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."[11]

Additionally, federal courts are courts of limited jurisdiction. "The limits on federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."[12] "[T]he burden of proving jurisdiction is on the party asserting it,"[13] and the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[14]

Here, Plaintiff's Complaint fails to meet the required pleading standard. Plaintiff bases her claim of jurisdiction on Utah Code Ann. §§ 78-1-101 et seq. This is improper. Perhaps Plaintiff misfiled this action and intended to file it with the Utah Courts. Whatever Plaintiff's intent, the current Complaint before the court is deficient.

## CONCLUSION

For the reasons state above,

1. Plaintiff's Motion to Proceed IFP is temporarily GRANTED.[15]

---

[8] *Id.*

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 557, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[10] *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007).

[11] *Twombly,* 550 U.S. at 555 (citation modified).

[12] *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978)

[13] *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973).

[14] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).

[15] ECF No. 2.

2. Plaintiff is ORDERED to file an Amended Complaint by **February 6, 2026.** The words "Amended Complaint" should appear in the caption of the document.

3. Once filed, the court will screen the Amended Complaint under 28 U.S.C. § 1915(e) and Local Civil Rule DUCivR 3-2(b).

4. Other than an Amended Complaint and court forms (for example, the email filing and electronic notification form for unrepresented parties and the consent to jurisdiction of a Magistrate Judge form), Plaintiff must not file any other documents during the time the complaint is screened or until the court orders otherwise. If Plaintiff files any other such documents, they will be lodged on the docket and will not be addressed until screen of the complaint is completed.

5. Failure to file a timely Amended Complaint will result in dismissal of this action.

DATED this 21 January 2026.

_____
Magistrate Judge Dustin B. Pead
United States District Court for the District of Utah