THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Manisela Prescott,<br><br>Plaintiff,<br>v.<br><br>Alpine Home Medical Supply, et al.,<br><br>Defendants. | ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND REPORT AND RECOMMENDATION<br><br>Case No. 2:26-cv-34 RJS-DBP<br><br>District Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Manisela Prescott, who is proceeding pro se, filed an Amended Complaint on January 26, 2026, in compliance with the court's prior order.[1] Plaintiff seeks leave to proceed in forma pauperis (IFP) under 28 U.S.C. § 1915. As set forth herein, the court screens Plaintiff's Amended Complaint, recommends part of it be dismissed, and grants Plaintiff's IFP Motion.

**BACKGROUND**

In the Amended Complaint Plaintiff provides she purchased CPAP supplies from Defendant Alpine Home Medical while on Medicaid insurance.[2] Shortly after returning to work and no longer having Medicaid insurance, Defendant began calling and emailing Plaintiff asserting she owed money for the CPAP equipment including the CPAP machine, which now cost $1316.18. Plaintiff asserts the machine was already paid for by Medicaid and there was no basis for Defendant to keep seeking payment.

---

[1] Amended Complaint, ECF No. 7.

[2] Continuous Positive Airway Pressure (or CPAP) helps treat sleep apnea by pushing pressurized air through a mask while sleeping to keep an individual's' airway open.

Construing Plaintiff's Amended Complaint liberally,[3] Plaintiff brings claims for alleged violations of the Utah Consumer Sales Practices Act, violation of the Electronic Communications Privacy Act, violation of the Fair Debt Collection Practices Act, breach of the common law express or implied contract, and breach of the implied covenant of good faith and fair dealing. Plaintiff also "believes" Defendant is engaged in Medicaid fraud and seeks to expose the fraudulent activities through this litigation.

## DISCUSSION

Title 28 U.S.C. § 1915 governs all cases in which a plaintiff is proceeding IFP. Although § 1915(e)(2)(B) screening is not required before granting an IFP motion, the Tenth Circuit has encouraged district courts to screen IFP cases as soon as practical.[4] Under the in forma pauperis statute, the court shall, at any time, dismiss a case if it determines that the action is: "(i) frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."[5]

As noted by the court previously, federal courts are courts of limited jurisdiction. "The limits on federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded."[6] "[T]he burden of proving jurisdiction is on the party asserting it,"[7] and the court "must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings."[8]

---

[3] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("A pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.").

[4] *See Buchheit v. Green*, 705 F.3d 1157, 1160–61 (10th Cir. 2012).

[5] 28 U.S.C. § 1915(e)(2)(B)(i-iii).

[6] *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 374, 98 S.Ct. 2396, 2403, 57 L.Ed.2d 274 (1978).

[7] *Gibson v. Jeffers*, 478 F.2d 216, 221 (10th Cir.1973).

[8] *State Farm Mut. Auto. Ins. Co. v. Narvaez*, 149 F.3d 1269, 1270–71 (10th Cir. 1998).

Plaintiff provides that the court has "general jurisdiction over the parties and the subject matter pursuant to Utah Code Ann. §§ 78-1-101 et seq. (28 U.S.C. § 1391 for general civil venue).[9] Utah Code Ann. § 78-1-101 was recodified as 78A-1-101 in the 2008 legislative general session.[10] This section of the Utah Codes sets forth the judiciary for the state of Utah providing the courts of the state such as the Utah Supreme Court, Court of Appeals, Business and Chancery Court and the district courts. There is nothing in this Utah statue providing for federal jurisdiction of this case. Thus, Plaintiff's claim of general jurisdiction of this court under §§ 78-1-101 et seq. fails.

Next, to the extent that Plaintiff seeks to expose alleged Medicare fraud, a pro se litigant cannot bring a Medicare fraud claim on behalf of the government. Under the federal False Claims Act private citizens may file a whistleblower qui tam suit to report fraud against the government, but they must be represented by a licensed attorney.[11] Therefore to the extent Plaintiff's Amended Complaint may be construed as a Medicare fraud action, it is improperly brought, and this section of the Amended Complaint should be dismissed.

Plaintiff brings two claims alleging violations of federal statutes, which although not stated by Plaintiff, may invoke this court's authority under federal question jurisdiction.[12]

---

[9] Amended Complaint at 2.

[10] *See* Utah Code Ann. 78A-1-107 ("With respect to the organization of the courts, the offices of all officers and employees, shall be construed as continuations of the previous Title 78, Judicial Code.").

[11] See, e.g., *United States ex rel. May v. United States*, 839 F. App'x 214, 217 (10th Cir. 2020) ("A pro se litigant may not bring a qui tam action."); *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (4th Cir. 2020) (holding a pro se party cannot bring a false claims act qui tam action); *Georgakis v. Ill. State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("[T]o maintain a suit on behalf of the government, the relator (as the qui tam plaintiff is termed) has to be either licensed as a lawyer or represented by a lawyer .... A nonlawyer can't handle a case on behalf of anyone except himself." (citations omitted)); *Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008) (per curiam) (holding a plaintiff may not bring a qui tam FCA action as a pro se relator); *United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 93 (2d Cir. 2008) ("Because relators lack a personal interest in False Claims Act qui tam actions, we conclude that they are not entitled to proceed pro se.").

[12] *See* Article III U.S. Constitution; 28 U.S.C. § 1331.

First, Plaintiff asserts violation of the Electronic Communications Privacy Act (ECPA).[13]

Plaintiff's Amended Complaint alleges as follows:

> 20. The Electronic Communications Privacy Act (18 U.S.C. §§ 2701-2712) prohibits the intentional interception, acquisition, or disclosure of electronic communications without the consent of the parties to the communication.

> 21. Alpine's surveillance tools intercepted Plaintiff's electronic communications (website visits, mobile-app usage, and email communications) without consent and disclosed the information to third parties, constituting unlawful interception and disclosure under the ECPA.

> 22. Plaintiff has suffered statutory damages, the greater of $100 per day per violation or $10,000 per violation.[14]

Under the well-established standards for a complaint that the court cited to in its prior order requiring Plaintiff to file an Amended Complaint, "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s] devoid of 'further factual enhancement'"[15] Plaintiff's Amended Complaint as to this claim fails under these standards. Paragraph 20 of Plaintiff's Amended Complaint simply restates the law. Paragraphs 21 and 22 are "formulaic recitations" stating that a violation occurred and alleging damages, but they fail to set forth the required specificity of who, what, when, or how the alleged violations occurred. In short, Plaintiff's Amended Complaint fails to state a claim for relief under this count.

Plaintiff provides the following alleging a violation of the Fair Debt Collection Practices Act (FDCPA).[16]

> 23. The Fair Debt Collection Practices Act (15 U.S.C. §§ 1692a-e) prohibits a debt collector from using false representations or deceptive means to collect a

---

[13] 18 U.S.C. §§ 2701-2712.

[14] Amended Complaint at 11.

[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 557, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (citation modified) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 662, 127 S. Ct. 1955, 167 L. Ed. 2d 929) (2007)).

[16] 15 U.S.C. §§ 1692-1692p,

debt, including false statements about the amount owed or the legal consequences of non-payment.

24. Caddis, acting as a debt collector, made false representations that Plaintiff owed a debt, threatened legal action, and misrepresented the status of the alleged debt, in violation of Section 807 of the FDCPA.

25. Plaintiff is entitled to statutory damages of $1000 per violation, plus treble damages up to $3000 per violation.[17]

Under the liberal pleading standards afforded pro se litigants, the court finds this count survives the court's IFP screening. Ideally Plaintiff would include more detail as to paragraph 24. However, at this stage, the court will permit it to move forward. As to paragraph 25, the Fair Debt Collection Practices Act does not have a treble damages provision, and the statutory damages are capped at $1000 per suit and not per violation. Plaintiff is instructed to file a third amended complaint addressing those errors.

### ORDER AND RECOMMENDATION

Having screened Plaintiff's Amended Complaint, the court GRANTS Plaintiff's IFP Motion.[18]

Further, the undersigned recommends that certain portions of the Amended Complaint be dismissed for failure to state a claim upon which relief may be granted. Finally, Plaintiff is ORDERED to file a third amended complaint addressing the errors in the FDCPA claim.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object.[19] The parties must file any objection to this Report and Recommendation within fourteen (14) days of service. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de

---

[17] Amended Complaint at 11-12.

[18] ECF No. 2.

[19] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

novo review by the district court of for appellate review."[20] Failure to object may constitute a

waiver of the objections upon subsequent review.

DATED this 6 July 2026.

_____

Dustin B. Pead
United States Magistrate Judge

---

20 *United States v. One Parcel of Real Prop. Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).