IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MANISELA PRESCOTT,<br><br>    Plaintiff,<br><br>v.<br><br>ALPINE HOME MEDICAL SUPPLY,<br>and CADDIS CAPITAL<br>MANAGEMENT,<br><br>    Defendants. | **ORDER ADOPTING REPORT AND RECOMMENDATION**<br><br>Case No. 2:26-cv-00034-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Before the court is the Report and Recommendation issued by Magistrate Judge Dustin B. Pead on July 6, 2026.[1]  The Report recommends that certain claims be dismissed from the Amended Complaint.[2]

On January 13, 2026, pro se Plaintiff Manisela Prescott filed a Complaint against Defendants Alpine Home Medical Supply and Caddis Capital Management.[3]  The Complaint alleges violations of the Utah Consumer Sales Practices Act, the Electronic Communications Privacy Act (ECPA), the Fair Debt Collection Practices Act (FDCPA), breach of contract, and breach of the implied covenant of good faith and fair dealing.[4]  The Complaint claims, "this Court has general jurisdiction over the parties and the subject matter pursuant to Utah Code Ann. §§ 78-1-101 et seq."[5]  Prescott also filed a Motion to Proceed In Forma Pauperis (IFP Motion).[6]

---

[1] Dkt. 11, *Order Granting Motion to Proceed in Forma Pauperis and Report and Recommendation* (*Report*).

[2] *See id.* at 5.

[3] Dkt. 1, *Complaint*.

[4] *Id.* ¶¶ 15–33.

[5] *Id.* ¶ 1.

[6] Dkt. 2, *Motion to Proceed In Forma Pauperis*.

On January 21, 2026, Magistrate Judge Pead issued an order temporarily granting the IFP Motion and ordering Prescott to file an amended complaint properly establishing the court's jurisdiction to hear the case.[7]  On January 26, 2026, Prescott filed the Amended Complaint claiming the court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331.[8]  The Amended Complaint also states, "Plaintiff believes that Alpine Home Medical is engaged In MEDICAID FRAUD . . . ."[9]

On July 6, 2026, Judge Pead issued an order granting the IFP Motion and recommending the court dismiss parts of the Amended Complaint.[10]  Judge Pead recommended, "to the extent that Plaintiff seeks to expose alleged Medic[aid] fraud, a pro se litigant cannot bring a Medic[aid] fraud claim on behalf of the government[,] . . . and this section of the Amended Complaint should be dismissed."[11]  The Report also recommends the court dismiss the ECPA cause of action for failure to state a claim for relief, as the pleadings constitute "formulaic recitations" of the statute's elements.[12]  Lastly, Judge Pead instructed Prescott to amend the Complaint an additional time to reflect the FDCPA's $1,000 limit on damages per suit.[13]  The Report notified Prescott of her right to file any objection to the Report within 14 days of being

---

[7] Dkt. 6, *Memorandum Decision and Order Temporarily Granting Motion to Proceed in Forma Pauperis, and Ordering Plaintiff to File an Amended Complaint.*

[8]  Dkt. 8, *Amended Complaint* (errata to Dkt. 7, *Amended Complaint*) ¶ 1.

[9] *Id.* ¶ 10.d.

[10] *Report.*

[11] *Id.* at 3.

[12] *Id.* at 4–5 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[13] *Id.* at 5.

served with a copy of it.[14]  Judge Pead cautioned that "[f]ailure to object may be considered a waiver of objections upon subsequent review."[15]

Federal Rule of Civil Procedure 72 allows parties to file "specific written objections to the proposed findings and recommendations" within fourteen days after being served with a copy of the recommended disposition.[16]  When no objections are filed, the Supreme Court has suggested no further review by the district court is required, but neither is it precluded.[17]  This court generally reviews unobjected-to report and recommendations for clear error.[18]

The deadline for Prescott to object passed on July 20, 2026, and no objection was filed.[19]  Accordingly, this court reviews the Report for clear error.  Having carefully considered the Report, the court determines Judge Pead's analysis and conclusions are sound.  The court finds no clear error and the Report and Recommendation is adopted in full.

---

[14] *Id.* at 5–6.

[15] *Id.* at 6.

[16] Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1)(C) ("Within fourteen days after being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court.").

[17] *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) ("The [Federal Magistrate's Act] does not on its face require any review at all, by either the district court or the court of appeals, of any issue that is not the subject of an objection.").

[18]  *See, e.g.*, *Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made [to a magistrate judge's report and recommendation], the district court judge reviews those unobjected portions for clear error.") (citations omitted); *see also* Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citing *Campbell v. U.S. Dist. Court for N. Dist. of Cal.*, 501 F.2d 196, 206 (9th Cir. 1974), *cert. denied*, 419 U.S. 879)).

[19] *See generally docket.*

**ORDER**

The court ADOPTS in full the Report.[20]  Prescott's claims for Medicaid fraud and ECPA violations are DISMISSED.  Prescott is ORDERED to file a second amended complaint which limits the damages claimed to $1,000 for the FDCPA cause of action.  This must be filed within 21 days.

SO ORDERED this 22 day of July, 2026.

BY THE COURT:

ROBERT J. SHELBY
United States District Judge

---

[20] Dkt. 11.